IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HELEN GARRARD, WILLIAM G. ELLIOTT,
BETHANY B. ELLIOTT, WILLIAM PENN,
SANDRA PENN, MICHAEL HYNEMAN,
and JOSEPH LEE                                                                                  PLAINTIFFS

V.                                                                      CIVIL ACTION NO. 3:04CV76-B-A

THE CITY OF GRENADA, MISSISSIPPI,
and LEWIS JOHNSON, J.B. FLOWERS,
CALVIN NEELY, ERNEST HARGROVE,
BILLY COLLINS, MARY DUNCAN HALL,
and RONALD MERRIMAN, Individually                                         DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiffs' motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

The plaintiffs, voters residing in various civic wards within the City of Grenada, Mississippi, brought this action alleging that the City and its council members have violated the "one person, one vote" principle addressed in the Fourteenth and Fifteenth Amendments to the United States Constitution by refusing to re-evaluate population deviations within the current ward scheme in light of the most recent decennial census figures and in failing to propose a redistricting plan to the United States Department of Justice that will pass constitutional muster and receive preclearance under Section 5 of the Voting Rights Act. 42 U.S.C. §1973c.

The City of Grenada is a special charter municipality and is governed by a mayor and seven-member city council. The City annexed certain areas in 1993, and the annexation was subsequently approved by the chancery court in 1995 and affirmed without opinion by the Mississippi Supreme

Court the following year. *See In the Matter of the Extension of the Boundaries of the City of Grenada, Mississippi*, 669 So. 2d 85 (Miss. 1996).

Because the annexation impacted the City's voter rolls and resulted in redistricting of the seven city wards, the City sought Section 5 preclearance of the changes by submitting the annexation to the Department of Justice. The Attorney General objected to the annexation in August 1998, finding that it had both a discriminatory purpose and effect. In January 2000, the City resubmitted the 1993 annexation ordinance with a revised redistricting ward plan. The Attorney General subsequently found that, while the second proposal no longer had a retrogressive effect, it maintained a discriminatory purpose. In an attempt to remedy the Attorney General's objection, the City adopted a new ordinance in February 2001 which provided for deannexation of five separate and non-contiguous parcels of land from the corporate limits of Grenada. The deannexation would remove 1285 persons from the city limits – 1160 white and 125 non-white. An objection was filed by certain Grenada citizens who alleged that the deannexation was not supported by adequate evidence and constituted "a patent racial gerrymander."

On July 24, 2002, the Grenada County Chancery Court found that the proposed deannexation was unreasonable. The matter was appealed to the Mississippi Supreme Court which found likewise. *See Grenada v. Marascalco*, 876 So.2d 995, 998 (Miss. 2004).

According to the 2000 census, the population of the City of Grenada under the 1991 precleared ward lines (i.e. Grenada's corporate limits as they existed prior to the 1993 annexation) is 10,643. The number of residents living in Grenada as defined by the 1993 annexation is 14,879. The plaintiffs' expert, Chris Watson of Bridge & Slaughter, LLC, applied the 2001 census data to

the existing Grenada wards (excluding the 1993 annexed populations) and determined the total population variance to be 36.6 percent.

The plaintiffs filed a motion for temporary restraining order and preliminary injunction on April 28, 2004, immediately prior to the City's 2004 mayoral and city council elections. The court denied the motion because of its eleventh hour filing and because there was no likelihood of irreparable harm. The plaintiffs seek an order compelling the City to develop a redistricting plan that includes all areas lying within Grenada's post-annexation corporate limits and to hold special interim elections. The plaintiffs have now moved for summary judgment.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

The United States Supreme Court has held that population deviations exceeding ten percent are generally unconstitutional unless justified by state or local government. *Brown v. Thomson*, 462 U.S. 835, 843, 103 S. Ct. 2690, 2696, 77 L. Ed. 2d 214 (1983) (citing *Swann v. Adams,* 385 U.S. 440, 444, 87 S. Ct. 569, 572, 17 L. Ed. 2d 501 (1967)). As mentioned above, the total population variance under the current ward scheme in Grenada is 36.6 percent. The defendants argue that the degree of variance presents a question of fact. However, the court finds this argument in conflict with the defendants' answers to interrogatories and requests for admissions wherein the defendants state that "to fulfill their constitutional duty, defendants have agreed to accept plaintiffs' expert population computation and have formulated a new redistricting plan based thereon." The court will not allow the defendants to conjure a question of fact simply by contradicting their earlier testimony. The court, therefore, finds no question of fact regarding the degree of variance and considers it established at 36.6 percent. Such a degree of variance is presumptively unconstitutional, violating the one-person, one-vote principle set forth in *Reynolds v. Sims*, 377 U.S. 533, 84 S. Ct. 1362, 12 L. Ed. 2d 506 (1964), which requires that voting districts contain roughly equal population. The City has presented no compelling justification for the variance, and it is clear that a new redistricting plan must be drawn and submitted for Section 5 preclearance instanter.

The defendants argue that any redistricting plan developed should not include the 1993 annexed areas. The plaintiffs disagree, and the court is persuaded by the plaintiffs' argument. The plaintiffs take the position that once the duty to redistrict has been triggered by the existence of extreme population deviations, any revised voting scheme must include all areas lying within the legally constituted municipal boundaries. The court agrees and finds no merit to the defendants'

4

argument that the plaintiffs lack standing to sue on behalf of the voters in the annexed areas. The duty to redistrict has been triggered, and the City's only appropriate and logical course of action is to develop a new redistricting plan that incorporates *all* areas of Grenada, including the annex, and to do so within the maximum 10 percent deviation per district. The plaintiffs are correct in their position that, since the City's attempt to deannex was struck down by the Grenada County Chancery Court and the Mississippi Supreme Court, Grenada's official corporate boundaries now include the 1993 annexed areas, and the voters residing in those areas are entitled to the same voting rights and protections as the voters of the pre-annexed city. Voters in the annexed areas have suffered taxation without representation for over ten years. Such practices led early Americans to revolution, and voters in Grenada should not be expected to tolerate such practices now. The court finds the defendants have acted unconscionably in requiring these citizens to pay taxes while denying them the right to vote. Further, the court's decision is consistent with the position taken by the Department of Justice, which has made clear that the redistricting plan should include the annexed areas. On June 28, 2005, the U.S. Attorney General withdrew its August 17, 1998, objection to the Grenada annexation, finding that it is "possible to draw a redistricting plan...which fairly reflects black voting strength in the post-annexation city under the 2000 Census...." For these reasons, the court finds that the redistricting plan shall include the 1993 annexed areas.

The plaintiffs also seek an order compelling the City to hold special interim elections to remedy the voting rights violations that have occurred in Grenada over the past several years. Federal courts considering voting rights claims have broad equitable powers to fashion remedies that address voting rights violations. *See Swann v. Charlotte-Mecklenberg Bd. of Educ.*, 402 U.S. 1, 15-16, 91 S. Ct. 1267, 1276, 28 L. Ed. 2d 554 (1971). It is well-settled that a district court has the

authority to order special interim elections to remedy voting rights violations, and the court finds that the facts of this case clearly warrant such an order.

Finally, the plaintiffs request costs and attorneys' fees and ask the court to set a separate motion deadline for the filing of such a motion. The court prefers to address this matter in a separate motion; therefore, the court grants the plaintiffs thirty days from the date of this order within which to file their motion for attorneys' fees and costs.

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion for summary judgment is well-taken and shall be granted. The City of Grenada shall devise a new redistricting plan for its entire corporate limits, including the 1993 annexed areas, and shall submit such plan to the Department of Justice for Section 5 preclearance within thirty days of the date of this order. If the City is unable to devise a plan, the court shall appoint a special master to do so. The City shall also hold special interim elections for all municipal elective offices within ninety days of the date of submission of the new plan to the Department of Justice. A separate order in accord with this opinion shall issue this day.

This, the 5th day of July, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**