IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HELEN GARRARD, WILLIAM G. ELLIOTT,
BETHANY B. ELLIOTT, WILLIAM PENN,
SANDRA PENN, MICHAEL HYNEMAN,
and JOSEPH LEE                                                                                            PLAINTIFFS

V.                                                                           CIVIL ACTION NO. 3:04CV76-B-A

THE CITY OF GRENADA, MISSISSIPPI,
and LEWIS JOHNSON, J.B. FLOWERS,
CALVIN NEELY, ERNEST HARGROVE,
BILLY COLLINS, MARY DUNCAN HALL,
and RONALD MERRIMAN, Individually                                                   DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiffs' motion for contempt, accusing the defendant of failing to abide by the September 7, 2005, order of this court which ordered a special election for the officials of the City of Grenada. A hearing was held in this matter on October 11, 2005, wherein the court heard the testimony of witnesses for both sides. Upon due consideration of the motion and the evidence and arguments presented at the hearing of this matter, the court finds that the motion for contempt is not well-taken and shall be denied. The court further finds that the qualifying deadline for the November 1, 2005, special election should be extended.

The plaintiffs allege that the defendants are in willful violation of the court's order and accompanying opinion of September 7, 2005, ordering the City to hold a "special election" in accordance with Miss. Code Ann. § 23-15-857. The defendants deny this assertion and contend that they have fully complied with the court's order.

At the October 11, 2005, hearing, the court heard the testimony of Mr. James "Buster" Grantham, a person who attempted to qualify to run in the November 1, 2005, special election for Grenada's municipal officers. Grantham testified that he was initially refused a qualifying petition and was told by the city clerk that the qualifying deadline had passed; however, he was telephoned by the city clerk the following day and informed that he could return to receive a petition. According to other testimony presented, defendants' counsel, Mr. Ellis Turnage, instructed the city clerk not to accept or issue any qualifying petitions for signatures because the deadline had passed. Mr. Turnage denies this allegation.

At this time the plaintiffs have shown only one instance that a person was refused a petition; and that person, Mr. Grantham, ultimately received a petition within a couple of days of his request. After considering the testimony offered, the court does not find sufficient evidence to hold the defendants in contempt of court for a willful violation or obstruction of an order of this court.

It does appear to the court, however, that this special election has encountered more problems than it reasonably should. The court questions whether these problems amount to an intentional attempt to manipulate the election in some way so that certain persons will have more possibility of success than others or whether the incumbents will more likely succeed than the challengers. The court intends to keep the evidence presented in mind, and the court will not tolerate any further obstructions of this special election procedure.

The court intends for this election to be a fair, open election. All qualified persons interested in running should be able to run. The court was very clear in its order of September 7, 2005, that the special election would be held in accordance with the opinion issued in

2

conjunction with the order. That opinion very plainly and precisely stated that the election would be held in accordance with Miss. Code Ann. § 23-15-857. The statute specifically provides for the appropriate candidate qualifying deadline; therefore, no confusion should have arisen regarding the date of this deadline.

Due to the confusion and problems related to this election thus far, the plaintiffs have asked the court to appoint a special master to oversee this electoral process, but the court will not do so at this time. If a pattern of obfuscation relating to this election continues, however, the court will not hesitate to appoint a special master to monitor and oversee the election, including preparation of the voting rolls and the dissemination of all information concerning the new voting rolls and the new wards.

The court further finds that the members of the election commission and others have been working diligently to get the unresolved matters relating to this election in order. The court trusts that the procedure for this special election can and will be followed in accordance with Miss. Code Ann. § 23-15-857, as originally ordered, and that the election can be held in a timely manner on November 1, 2005.

The court is, however, concerned about one remaining issue. Under the new version of the special election statute, Miss. Code Ann. § 23-15-857, the candidate qualifying deadline is twenty days prior to the election. That date has now passed. It is apparent that word has been disseminated throughout Grenada that at least one candidate was denied a qualifying petition on the ground that the qualifying deadline had passed. The court is, therefore, concerned that others, upon hearing this information, may have been persuaded not to attempt to qualify. The court, therefore, finds it is necessary to extend the qualifying deadline in order to ensure that no

potential candidate is prejudiced by the confusion surrounding this matter.  The candidate qualifying deadline shall, therefore, be extended until ten days before the election, and new ballots shall be printed reflecting all candidates who have qualified by that date.  The court is advised that new ballots will have to be printed anyway because Mr. Grantham's name is not on the ballots the City has printed, even though he had turned in his qualifying papers.

The plaintiffs have requested attorney fees in regard to this matter.  The court denies the motion for attorney fees as it pertains to the motion for contempt because the plaintiffs were unsuccessful in that matter.  The court, however, grants the motion to the extent it regards the work done in addressing the matter of the City's refusal to apply the qualifying deadline in accordance with the statute.

Finally, the court was made aware of some potential confusion regarding the date the elected officials will take office.  The court directs the parties to the special election statute, Miss. Code Ann. § 23-15-857.  The elected officials shall take office in accordance therewith.

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion for contempt shall be denied and that the candidate qualifying deadline for the City of Grenada's November 1, 2005, special election shall be extended until ten days before the election – that is, Saturday, October 22, 2005.  The city clerk's office shall open for business on that date in accordance with its regular weekday schedule and shall receive qualifying petitions until 5:00 p.m.  The plaintiffs' motion for attorney fees shall be denied as it relates to the motion for contempt and granted as it

relates to the matter of the qualifying deadline. A separate order in accord with this opinion shall issue this day.

This, the 17th day of October, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**